Thomas J. Himes *et al.,* Appellants, *v.* Henry Blakesley, Appellee.

APPEAL FROM ROCK ISLAND.

A security for costs, is good, if it can be identified with the record ; and need not be marked filed as of any term ; and if inadvertently marked as of one term, when it should ave been of another, the mistake may be corrected.

February 12th, A. D. 1858, Henry Blakesley sued Thomas J. Himes and Charles T. Clippinger, as partners, in assumpsit, returnable to the March term, A. D. 1858.

February 12th, 1858, plaintiff, by his attorneys, filed an instrument purporting to be a bond for costs in the above cause, in the usual form, but entitled to the November term of the court, A. D. 1858.

February 12th, 1858, plaintiff filed his declaration, containing special count upon a certain promissory note, and the common counts, with copy of note attached.

March 17th, 1858, defendants filed their motion in writing, to dismiss the cause for want of security for costs, and averring the non-residence of plaintiff.

March 24th, A. D. 1858, defendants' motion to dismiss coming on to be heard, plaintiff entered his cross-motion for leave to amend his bond for costs. The court overruled defendants' motion to dismiss, and allowed plaintiff to amend his bond for costs.

Defendants excepted.

Judgment was entered against the defendants by default; damages assessed by the clerk at $157.43. Defendants prayed an appeal.

The errors assigned are:

1. That the court erred in overruling defendants' motion to dismiss.

2. That the court erred in sustaining the plaintiff's motion for leave to amend the writing filed as his security for costs.

3. That the court erred in allowing the plaintiff to amend the writing filed, as his security for costs.

4. That the court erred in rendering judgment against the defendants.

E. T. WELLS, for Appellants.

BEARDSLEY & SMITH, for Appellee.

CATON, C. J. The form given in the statute for bonds for costs does not require the term to be stated to which the action was brought, nor is there any necessity for it so long as there can be no difficulty in identifying the cause in which it is filed. In this case a term was stated, but a wrong term, and the court allowed *November* to be stricken out and *March* inserted. As the statement of the term was unnecessary and really surplusage the court might have ordered it stricken out altogether, or treated it as a good bond in the case, without any such change, so long as there could be no difficulty in identifying it with the case pending. The filing upon the bond was sufficient to show that the statement of the term was a mistake, and to identify the bond with the proper case. It was the duty of the court to overrule the motion to dismiss, either with or without the change which was made in the statement of the term.

The judgment must be affirmed.

*Judgment affirmed.*